NOT FOR PUBLICATION                    (Doc. Nos. 33, 39, 40, 41, 42, 44, 49, 51, 70)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JAMES LESTER ROUDABUSH, JR., | : |
| Plaintiff, | Civil No. 14-1923 (RBK/AMD) |
| v. | **OPINION** |
| CORRECTIONAL OFFICER PIRELLI et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon several motions filed by federal inmate James Lester Roudabush, Jr. ("Plaintiff"), and a motion filed by Defendants C. Larkins ("Larkins") and R. Cox ("Cox") (collectively "Defendants"). Specifically, Plaintiff filed Motions to Order the Federal Bureau of Prisons (FBOP) to follow the Court's order granting Plaintiff in forma pauperis status, (Doc. No. 33); for FBOP officials to stop harassment and retaliation, (Doc. Nos. 39-41); to Reconsider the dismissal of his retaliation claim, (Doc. No. 44); and to Appeal Magistrate Judge orders denying Plaintiff's Motion to Compel Defendants to supplement interrogatory responses, (Doc. No. 49), granting Defendants leave to file a motion to dismiss Plaintiff's complaint for failure to participate in discovery, (Doc. No. 51), and denying Plaintiff's Motion for Appointment of pro bono counsel. (Doc. No. 70). Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 42.) For the reasons stated herein, all of the pending Motions discussed by the Court will be denied.

1

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a federal inmate currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding pro se with a complaint filed pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at the Burlington County Jail. Plaintiff names as defendants the following: (1) Correctional Officer Pirelli; (2) Correctional Officer Cuccini; (3) Unknown John Doe Correctional Officers; (4) C. Larkins, Captain Security; (5) Unknown Sergeant Security; and (6) R. Cox, Warden Burlington County Jail.

Plaintiff alleges that he was beaten in his cell at Burlington County Jail in Mount Holly, New Jersey, on or about September 20, 2011 by Pirelli, Cuccini, and an unnamed John Doe correctional officer. A second unnamed John Doe officer had opened Plaintiff's cell door to allow these three individuals to enter. Plaintiff was beaten on his head by these officers and called names as they also stated that they would kill him. Plaintiff allegedly still suffers from severe headaches and blurred vision due to this beating. He also sustained bruises and scratches over his eye. After the beating, Pirelli, Cuccini, the John Doe officer, and Larkins allegedly denied Plaintiff the right to see medical personnel.

Plaintiff further states that the whole incident was planned on or about September 20, 2011 by Larkins, Pirelli, Cuccini, and the John Doe officer. He claims these individuals met prior to the beating for planning purposes. Plaintiff also alleges that Larkins assigned the three individuals who beat him to Plaintiff's area even though they were not normally assigned to that area so that they could carry out the beating.

Finally, Plaintiff also claims that Defendants' actions were in retaliation for a civil action that Plaintiff was pursuing in this Court.

Plaintiff filed his complaint on July 31, 2013. (Doc. No. 1.) The Court administratively terminated the case, as Plaintiff had failed to pay the filing fee or submit a complete application to proceed in forma pauperis. (Doc. No. 13.) Plaintiff filed a petition to reopen this case with an application to proceed in forma pauperis. (Doc. No. 14.) The Court granted in forma pauperis status on May 15, 2014, and, pursuant to 28 U.S.C. § 1915(b), ordered FBOP to make monthly deductions from Plaintiff's prison account to pay the initial filing fee. (Doc. No. 16.) Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 1997e, the Court sua sponte dismissed Plaintiff's retaliation claim for failure to state a claim. (Id.) The court also permitted to proceed Plaintiff's claims of excessive force, denial of medical care, and conspiracy. (Id.)

After the Court permitted these claims to proceed, Magistrate Judge Donio denied Plaintiff's Motions for the Appointment of pro bono counsel, (Doc. Nos. 34, 38), and to Compel Defendants Larkins and Cox to supplement responses to interrogatories. (Doc. Nos. 46, 47.) The Magistrate Judge also granted Defendants leave to file a motion to dismiss Plaintiff's complaint for failure to participate in discovery. (Doc No. 48.)

Several new Motions are currently before this Court. On September 15, 2014, Plaintiff moved for the Court to order FBOP to follow the income garnishment procedure outlined in the Court's order granting in forma pauperis status. (Doc. No. 33.) On September 25, 2014, Plaintiff filed three Motions for injunctive relief to end alleged harassing and retaliatory actions by various non-party correctional officers. (Doc. Nos. 39, 40, 41.) On October 10, 2014, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 42.) On October 23, 2014, Plaintiff filed a Motion for the Court to Reconsider its dismissal of Plaintiff's retaliation claim. (Doc. No. 44.) That same day, Plaintiff also filed an Appeal of Magistrate Judge Donio's Order denying Plaintiff's Motion for Appointment of pro bono counsel. (Doc.

No. 70.)[1] On November 26, 2014, Plaintiff filed an Appeal of the Magistrate Judge's Order denying Plaintiff's Motion to Compel Defendants to supplement interrogatory responses. (Doc. No. 49.) Lastly, on December 12, 2014, Plaintiff filed an Appeal of Magistrate Judge Donio's Order granting Defendants leave to file a motion to dismiss Plaintiff's complaint for failure to participate in discovery. (Doc. No. 51.)

## II. DISCUSSION

### a. Motion to Order FBOP to Follow the Court's Order for IFP – Doc. No. 33

Plaintiff claims that F.C.I. Fort Dix did not follow the Court's order that specifies the garnishment procedure, pursuant to 28 U.S.C. § 1915(b)(2), for Plaintiff to pay the $350 filing fee for his § 1983 claim. (See Doc. No. 16.) First, Plaintiff appears to claim that F.C.I. Fort Dix administration was seizing twenty percent of all incoming funds into the Plaintiff's account on arrival. He argues this practice diverges from the clear language of 28 U.S.C. § 1915(b)(2) and the Court's order to only make single monthly deductions. Second, Plaintiff states that F.C.I. Fort Dix seized too much money, arguing that only twenty percent of the monthly balance of his prison account should be deducted. Plaintiff states that this procedure deprives him of needed monies for necessities.

Plaintiff seeks preliminary injunctive relief pursuant to Fed. R. Civ. P. 65[2] and has the burden of showing a likelihood of success on the merits and that he will likely face irreparable harm without an injunction. Ball v. Famiglio, 396 Fed. App'x 836, 837-38 (3d Cir. 2010). Further, he must show "a relationship between the injury claimed in the party's motion and the

---

[1] Plaintiff submitted an omnibus motion, (Doc. No. 44), to the Court on October 23, 2014. On May 27, 2015, the Court relabeled several motions contained within Docket Number 44 as Docket Numbers 69-72.

[2] Although it is unclear under what rule Plaintiff files this motion, the label does not determine the nature of the motion. Hook v. Hook & Ackerman, Inc., 213 F.2d 122, 128 (3d Cir. 1954). A court may treat an improperly captioned motion as if correctly labeled. Glick v. White Motor Co., 317 F. Supp. 42 (E.D. Pa. 1970), aff'd, 458 F.2d 1287 (3d Cir. 1972).

conduct asserted in the complaint." Id. (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). An order may only bind the parties, agents of the parties, or "other persons who are in active concert or participation" with the parties or its agents. Fed. R. Civ. P. 65(d)(2)(A)-(C).[3] A court "cannot lawfully enjoin the world at large, no matter how broadly it words its decree." Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 211 (3d Cir. 1990) (quoting Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 832 (2d Cir.1930)).

Plaintiff's Motion fails the party association requirement of Rule 65(d)(2)(A)-(C). Plaintiff files this Motion to order a non-party, FBOP, to properly garnish his prison income, and provides no connection between FBOP and any named parties, all of whom are associated with Burlington County Jail, an entirely separate correctional institution. Additionally, Plaintiff's Motion is entirely conclusory. While he alleges improper garnishment procedure, he fails to produce dates of the improper deductions or a comparison of amounts in his accounts before and after the allegedly improper procedure. Plaintiff's Motion will therefore be denied without prejudice.

### b.  Motion to Order FBOP to Stop Retaliation Against Plaintiff – Doc. No. 39

Plaintiff claims he was denied due process because Correctional Officer Koeppen,[4] a non-party, withheld an eight dollar work bonus on or about July 31, 2014 before being afforded a hearing. Further, Plaintiff states that even after being provided a hearing, apparently adjudicated

---

[3] When an order may be enforced against a non-party, the procedure for enforcing the order is the same as for a party. Fed. R. Civ. P. 71. Though seldom invoked, Rule 71 memorializes "the common sense rule that courts can enforce their orders against both parties and non-parties." Westlake N. Prop. Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990); see also Lasky v. Quinlan, 558 F.2d 1133, 1137 (2d Cir. 1977) ("It seems clear that Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action.") (citing 7 J. Moore, Federal Practice at 71.10 (1975)).

[4] The correctional officer's name is not sufficiently legible in Plaintiff's handwritten motion.

in his favor, he still did not receive his bonus. He claims these are retaliatory actions for his court access.

To the extent that Plaintiff's Motion seeks injunctive relief to "stop the retaliatory actions" for his access to the courts, an injunction is an inappropriate remedy to a motion that "deals with a matter lying wholly outside the issues in the suit." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945); see also Famiglio, 396 Fed. App'x at 837 (denying an injunction relating to claims not pending in the complaint). Here, this Motion is unrelated to the complaint because it presents a new conflict between Plaintiff and prison staff from a separate correctional institution. Plaintiff alleges the withholding of the eight dollar bonus is in retaliation for his access to the courts, although it is unclear whether he is referring to the instant claim or, more generally, the large number of suits that Plaintiff has filed in federal courts over the years. Beyond this vague allegation, Plaintiff does not state any connection between this incident and his pending claims of excessive force, denial of medical care, conspiracy, and retaliation at Burlington County Jail on or about September 20, 2011. Plaintiff's Motion will therefore be denied.

### c. Motion to Order FBOP Officials to Stop Harassment and Retaliation – Doc. No. 40

Plaintiff claims that, on or about August 8, 2014, Correctional Officer Vertilligo, a non-party, used prior restraint to suppress Plaintiff's political speech written on the backside of enveloped court submissions. He argues that although FBOP policy does not prohibit writing on the back of mail envelopes, Correctional Officer Vertilligo threatened punishment if Plaintiff did not cease the practice. Correctional Officer Vertilligo added, according to Plaintiff, that a federal judge had complained about the envelope writings, some mail did not leave F.C.I. Fort Dix

because of the writings, and the ban on the writings was not content neutral in that Plaintiff would be permitted to write, "God Bless the USA."

In an allegedly related incident, Plaintiff claims that on or about August 11, 2014, Correctional Officer Vertilligo ordered another officer to search Plaintiff's locker and destroy permissible, non-contraband possessions. Plaintiff also asserts that Correctional Officer Vertilligo told him that he, as a correctional officer, does not need to worry about violating Plaintiff's rights because everybody in the criminal justice system "work[s] together to protect and cover for each other." Plaintiff appears to claim all of these impermissible actions are retaliation and harassment for filing his § 1983 civil action.

To the extent that Plaintiff seeks injunctive relief "to stop the harassment and retaliation against him," the Court reviews this Motion under the same standard outlined in Plaintiff's previous Motion to order FBOP to stop retaliation against him.[5] Like that Motion, Plaintiff's claim here is unrelated to his pending claims of excessive force, denial of medical care, conspiracy, and retaliation at Burlington County Jail on or about September 20, 2011. Plaintiff's Motion will therefore be denied.

### d. Motion to Order FBOP Officials to Stop Harassment and Retaliation – Doc. No. 41

Plaintiff claims that, on or about August 21, 2014, he was denied due process because Correctional Officer Bonilla,[6] a non-party, withheld an eight dollar bonus by issuing him a "U" (unsatisfactory) for daily work without a hearing opportunity. Plaintiff states this was punitive in that he received the "U" for not wearing a white uniform, even though this is common practice,

---

[5] See discussion supra Part II.b.

[6] The correctional officer's name is not sufficiently legible in Plaintiff's handwritten motion.

and eight other inmates did not wear a white uniform to the kitchen that same day. Plaintiff appears to claim this action is retaliation and harassment for his court access.

To the extent that Plaintiff seeks injunctive relief "to stop the harassment and retaliation against him," the Court reviews this Motion under the same standard outlined in Plaintiff's previous Motion to order FBOP to stop retaliation against him.[7] Like that Motion, Plaintiff's claim here is unrelated to his pending claims of excessive force, denial of medical care, conspiracy, and retaliation at Burlington County Jail on or about September 20, 2011. Plaintiff's Motion will therefore be denied.

### e. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) – Doc. No. 42

Defendants move to dismiss Plaintiff's complaint with prejudice as to Defendants Pirelli and Cuccini because they are "fictitious individuals." (Defs.' Br. In Support of Mot. to Dismiss ("Defs.' Br.") at 6.) Defendants submit a certification of Mildred Scholtz, Administrative Captain at the Burlington County Jail, stating that no correctional officers named "Pirelli" or "Cuccini" were on shift when the events leading to Plaintiff's § 1983 action took place. (Certification of Captain Mildred Scholtz ("Scholtz Cert.") ¶ 5.) Ms. Scholtz also certifies that Burlington County Jail has never employed correctional officers with those exact surnames. (Id. ¶ 6.) The certification purports to attach as an exhibit a "lineup" for the officers on shift at the time of the alleged event. (Id. ¶ 4.) However, the Court did not receive an attached exhibit of the lineup.

Plaintiff answers with several arguments. (See generally Doc. No. 69, Pl.'s Objections to Mot. to Dismiss ("Pl.'s Opp'n").)[8] First, he reaffirms that Defendants Pirelli and Cuccini do

---

[7] See discussion supra Part II.b.

[8] Plaintiff submitted his answer on October 23, 2014 as part of an omnibus motion (Doc. No. 44). On May 27, 2015 the Court relabeled several motions within Doc. No. 44 as Doc. Nos. 69-72.

exist, although he is unsure of the correct spelling of their names. (Id. ¶ 1.) Second, he alleges that Defendants' Motion is a delay tactic, (id. ¶ 7), not in "good faith," (id. ¶ 8), and willfully misleading by refusing to consider the possibility that correctional officers with similarly spelled names were in fact employed by Burlington County Jail when the events leading to this action took place. (Id. ¶ 9) Third, Plaintiff argues that Defendants had a duty disclose the correct names of these officers, pursuant to Fed. R. Civ. P. 26, (id. ¶¶ 2, 3); he also states that Defendants have ignored his interrogatories asking for the correct spelling. (Id. ¶ 4.) Fourth, Plaintiff alleges that counsel for Defendants is not listed as the attorney of record for Defendant Cuccini.[9] (Id. ¶ 5.) Fifth, he states that Defense counsel's participation in another case arising out of Burlington County Jail presents a conflict of interest. (Id. ¶ 6.) Sixth, Plaintiff (like the Court) was not provided with a copy of the exhibit of the officers on shift which the Defendants claim to attach. (Id. ¶ 10.) Finally, Plaintiff indicates that Defense counsel himself stated that the named Defendant correctional officers exist in a letter to Magistrate Judge Donio dated July 18, 2014. (Id. ¶ 12; see Doc. No. 23.)

     Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v.

---

[9] Plaintiff also states that counsel is not the attorney of record for Defendant R. Cox. Presumably, the Plaintiff meant Defendant Pirelli instead of Cox.

9

Twombly, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

In considering a Rule 12(b)(6) motion to dismiss, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based on those documents, and matters of public record. In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002); see also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, to be treated as a motion for summary judgment under Rule 12(d), "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Defendants' Motion to Dismiss relies entirely on matters outside the pleadings—correctional officer lineups and statements from Ms. Scholtz—and the Court cannot properly consider these materials in a Rule 12(b)(6) motion. Therefore, the Court must determine whether it can properly consider Defendants' Motion to Dismiss under Rule 12(d).

Even if the Court were to construe Defendants' motion as one filed pursuant to Rule 12(d), their Motion fails because the identities of the correctional officers in this case remain material and genuinely disputed, and Plaintiff apparently does not have access to the materials relevant to this motion. Defendants failed to attach their central piece of evidence, a lineup of the correctional officers on duty, and instead rely exclusively on Ms. Scholtz's certification. This is insufficient for the Court to convert their Motion to Dismiss to a motion filed under Rule

12(d), as Plaintiff apparently has not been provided with the key piece of evidence. Accordingly, Defendants' Motion to Dismiss will be denied.

### f. Motion to Reconsider Retaliation Claim Dismissal – Doc. No. 44

Plaintiff moves for the court to reinstate his claim that his alleged beating was in retaliation for a pending civil action against the Burlington County Jail. Plaintiff presents additional evidence that the Defendant correctional officers had once discussed the case with Plaintiff before escorting him to the jail's law library. He also argues that, because the jail staff was small, everyone knew of Plaintiff's earlier lawsuit. Plaintiff also asserts that his *pro se* status entitles his complaint to a liberal reading and that he should have had an opportunity to amend his complaint prior to the retaliation claim's dismissal.

While the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review. Dunn v. Reed Grp., Inc., Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); see also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). A motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly.'" Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co., Civ. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)). A Rule 7.1(i) movant must file within fourteen days after entry of judgment, unless otherwise provided by statute or rule. L. Civ. R. 7.1(i).

11

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 170 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate, however, where the motion only raises a party's disagreement with the Court's initial decision. Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also Schiano v. MBNA Corp., Civ. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law . . . and should be dealt with through the normal appellate process") (citations omitted); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]").

As another court in this District succinctly explained, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through— rightly or wrongly.'" Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted). That is to say "[e]ach step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Oritani, 744 F. Supp. at 1314. Accordingly, "courts in this District routinely deny motions for reconsideration that simply re-argue the original motion." Altana Pharma AG v. Teva Pharm. USA, Inc., Civ. No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

Plaintiff's two arguments—that the court should consider additional, but not new, evidence supporting his retaliation claim, and that his *pro se* status entitles him to leniency—do not constitute an intervening change in law, availability of new evidence, or a need to correct a clear error.[10] Plaintiff also filed his Motion on October 23, 2014, more than five months after the May 14, 2014 entry of judgment on Plaintiff's retaliation claim, which is well outside the fourteen day window of Rule 7.1(i). For these reasons, Plaintiff's Motion is denied.

### g. Motion to Appeal the Magistrate Judge's Order of November 12, 2014 – Doc. No. 49

Plaintiff appeals Magistrate Judge Donio's dismissal without prejudice of Plaintiff's Motion to Compel Defendants Larkins and Cox to supplement their responses to interrogatories. (See Doc. Nos. 46, 47.) Magistrate Judge Donio's order reasoned that Plaintiff failed to attach an affidavit addressing his efforts to confer with opposing counsel to resolve the discovery dispute, pursuant to L. Civ. R. 37.1(b) and 28 U.S.C. § 1746. (Doc. No. 47.)

Plaintiff attempts to cure this deficiency by attaching an affidavit to this Motion to Appeal, expressly stating it is intended to comply with L. Civ. R. 37.1(b) and 28 U.S.C. § 1746. In the affidavit, Plaintiff certifies that on an unspecified date he filed interrogatories with Defendants; that Defendants did not answer within the time allowed under the Federal Rules of Civil Procedure; that on or about October 15, 2014 he communicated with Defense counsel by letter; that on or about November 8, 2014, Defense counsel answered and refused to respond to all but two questions; and that the two sides have been unable to reach an agreement on these discovery issues.

---

[10] Additionally, in analogous motion for reconsideration contexts under Fed. R. Civ. P. 59(e) and 60(b), courts have expressly rejected *pro se* status as grounds for granting the motion. See Story v. Braxton, Civ. No. 11-5340, 2014 WL 644695, at *3 (D.N.J. Feb. 19, 2014).

Under Local Civil Rule 72(c)(1), a party may appeal a non-dispositive order of a Magistrate Judge. On appeal, a district court "may modify or set aside" a non-dispositive order "if the ruling was clearly erroneous or contrary to law." Eisai Co. v. Teva Pharm. USA, Inc., 629 F. Supp. 2d 416, 424 (D.N.J. 2009). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citation and alteration omitted). A ruling of a Magistrate Judge is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." Id. "While a Magistrate Judge's decision typically is entitled to deference, [his or her] legal conclusions on a non-dispositive motion will be reviewed de novo." Eisai Co., 629 F. Supp. 2d at 424 (internal quotation marks and citation omitted); see also Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006).

The party appealing the Magistrate Judge's order bears the burden of demonstrating that the order was "contrary to law" or "clearly erroneous." Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994). Unless that burden is met, the Magistrate Judge's findings should not be rejected even if the district court could have decided the matter differently. See Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000) (a district court's "simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review"). Furthermore, since the Magistrate is fully involved with the facts and record of the case, he or she deserves significant deference on appeal of a discovery ruling. Id.; Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). Therefore, reversal should be exercised only upon a showing of abuse of

discretion. Id. at 68; Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996).

Here, Plaintiff has not met his burden of demonstrating that the Magistrate Judge's order was "contrary to law" or "clearly erroneous." The Magistrate Judge correctly reasoned that Plaintiff did not attach an affidavit to his original motion, and thereby failed to comply with L. Civ. R. 37.1(a)(2) and (b). Therefore, Plaintiff's Motion is denied.[11]

### h. Motion to Appeal the Magistrate Judge's Order of November 21, 2014 – Doc. No. 51

Plaintiff appeals Magistrate Judge Donio's order granting Defendants leave to file a motion to dismiss Plaintiff's complaint for failure to participate in discovery. (See Doc. No. 48.) Plaintiff simply argues his motion is "pursuant to the F.R.C.P." and attaches a memorandum stating that he believes some of his court filings are missing from the docket sheet.

The Court reviews this Motion under the same standard outlined in Plaintiff's Motion to Appeal the Magistrate Judge's Order of November 12.[12] Because Plaintiff provides almost no support for his Motion, beyond simply providing the Motion's label, he does not meet his burden of demonstrating that the Magistrate Judge's order was "contrary to law" or "clearly erroneous." Therefore, Plaintiff's Motion is denied.

### i. Motion to Appeal the Magistrate Judge's Order of September 23, 2014 – Doc. No. 70

Plaintiff appeals Magistrate Judge Donio's order denying Plaintiff's Motion for the Appointment of *pro bono* counsel. (See Doc. Nos. 34, 38.) Magistrate Judge Donio's order

---

[11] It appears that Plaintiff would have more success simply refiling his original motion with the affidavit he attaches to this Motion appealing the Magistrate Judge's decision.
[12] See discussion infra Part II.g.

reasoned that Plaintiff failed to address four of the six criteria for appointment of *pro bono* counsel discussed in Tabron v. Grace. See Tabron, 6 F.3d 147, 156-57 (3d Cir. 1993).

On appeal, Plaintiff first states he is not an attorney, ignorant of his rights at a deposition, proceeding *pro se*, and indigent. (Pl.'s Br. In Support of Mot. ¶¶ 1-4.) Second, he argues he has no access to copy-making, state statutes cited in Defendants' answer, or email. (Pl.'s Br. ¶¶ 5-7.) Third, he argues that his incoming mail is opened against FBOP policy and held for up to two weeks, and outgoing mail is frequently missing or delayed. (Pl.'s Br. ¶¶ 8-10.) Fourth, he insists that appointment of counsel is in the interest of justice, and the Court has the discretion to grant the request. (Pl.'s Br. ¶¶ 11-12.) Finally, Plaintiff argues that counsel is particularly important for depositions due to the "hostile environment" and the fact that he will be outnumbered by Defendants.

The Court reviews this Motion under the same standard outlined in Plaintiff's Motion to Appeal the Magistrate Judge's Order of November 12, 2014.[13] The Magistrate Judge's order was not clearly erroneous or contrary to law because Plaintiff never addressed—either in his initial Motion or in the instant Motion to Appeal—four of the six Tabron factors to assess whether appointment of *pro bono* counsel is warranted. Plaintiff fails to discuss, for example, the difficulty or complexity of the case or the importance of factual investigations and credibility determinations to the case.[14] Therefore, Plaintiff's Motion is denied.[15]

---

[13] See discussion infra Part II.g.

[14] It is also unclear whether this motion is timely. Rule 72(a) requires Plaintiff to file objections within fourteen days after being served a copy of the initial order. Plaintiff does not state when he received a copy of the Magistrate Judge's order, although Magistrate Judge Donio issued it on September 23, 2014, and Plaintiff filed this motion on October 20, 2014.

[15] To the extent that Plaintiff only moved for *pro bono* counsel to accompany him for his deposition, the motion is also moot. The deposition took place on October 23, 2014. (Doc. No. 74.)

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motions to Order FBOP to follow the Court's order granting Plaintiff *in forma pauperis* status; for FBOP officials to stop harassment and retaliation; to Reconsider the dismissal of his retaliation claim; and to Appeal Magistrate Judge orders from September 23, November 12, and November 23, 2014; and Defendants' Motion to Dismiss will be **DENIED**. An appropriate Order shall enter.


Dated:  6/12/2015                                                    s/ Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge