NOT FOR PUBLICATION (Doc. Nos. 65, 66, 86)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMES LESTER ROUDABUSH, JR., | : | |
| Plaintiff, | : | Civil No. 14-1923 (RBK/AMD) |
| v. | : | **OPINION** |
| CORRECTIONAL OFFICER PIRELLI et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on three motions filed by federal inmate James Lester Roudabush, Jr. ("Plaintiff"). Specifically, Plaintiff filed a Motion for a Temporary Restraining Order and Permanent Injunction (Doc. No. 65), a Motion to Recuse this Court and Motion for a Change of Venue (Doc. No. 66), and, finally, a Motion to Enjoin the Retaliation of Defendants' Associates (Doc. No. 86). For the reasons stated herein, Plaintiffs' Motions will be denied.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a federal inmate currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding pro se with a complaint filed pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at the Burlington County Jail. Plaintiff names as defendants the following: (1) Correctional Officer Pirelli; (2) Correctional Officer Cuccini; (3) Unknown John Doe Correctional Officers; (4) C. Larkins, Captain Security; (5) Unknown Sergeant Security; and (6) R. Cox, Warden Burlington County Jail.

1

Plaintiff alleges that he was beaten in his cell at Burlington County Jail in Mount Holly, New Jersey, on or about September 20, 2011 by Pirelli, Cuccini, and an unnamed John Doe correctional officer. A second unnamed John Doe officer had opened Plaintiff's cell door to allow these three individuals to enter. Plaintiff was beaten on his head by these officers and called names as they also stated that they would kill him. Plaintiff allegedly still suffers from severe headaches and blurred vision due to this beating. He also sustained bruises and scratches over his eye. After the beating, Pirelli, Cuccini, the John Doe officer, and Larkins allegedly denied Plaintiff the right to see medical personnel.

Plaintiff further states that the whole incident was planned on or about September 20, 2011 by Larkins, Pirelli, Cuccini, and the John Doe officer. He claims these individuals met prior to the beating for planning purposes. Plaintiff also alleges that Larkins assigned the three individuals who beat him to Plaintiff's area even though they were not normally assigned to that area so that they could carry out the beating. Finally, Plaintiff also claims that Defendants' actions were in retaliation for a civil action that Plaintiff was pursuing in this Court.

Plaintiff filed his complaint on July 31, 2013. (Doc. No. 1.) The Court administratively terminated the case, as Plaintiff had failed to pay the filing fee or submit a complete application to proceed in forma pauperis. (Doc. No. 13.) Plaintiff filed a petition to reopen this case with an application to proceed in forma pauperis. (Doc. No. 14.) The Court granted in forma pauperis status on May 15, 2014, and, pursuant to 28 U.S.C. § 1915(b), ordered FBOP to make monthly deductions from Plaintiff's prison account to pay the initial filing fee. (Doc. No. 16.) Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 1997e, the Court sua sponte dismissed Plaintiff's retaliation claim for failure to state a claim. (Id.) The court also permitted to proceed Plaintiff's claims of excessive force, denial of medical care, and conspiracy. (Id.)

2

After the Court permitted these claims to proceed, Magistrate Judge Donio denied Plaintiff's Motions for the Appointment of pro bono counsel, (Doc. Nos. 34, 38), and to Compel Defendants Larkins and Cox to supplement responses to interrogatories. (Doc. Nos. 46, 47.) The Magistrate Judge also granted Defendants leave to file a motion to dismiss Plaintiff's complaint for failure to participate in discovery. (Doc No. 48.)

In its June 12, 2014 Order (Doc. No. 76), this Court denied several motions filed by Plaintiff, including his motion to order the FBOP to follow the income garnishment procedure outlined in the Court's order granting in forma pauperis status (Doc. 33), three motions for injunctive relief to end alleged harassing and retaliatory actions by various non-party correctional officers (Doc. Nos. 39, 40, 41), a motion for the Court to reconsider its dismissal of Plaintiff's retaliation claim (Doc. No. 44), an appeal of Magistrate Judge Donio's Order denying Plaintiff's Motion for appointment of pro bono counsel (Doc. No. 70),[1] an appeal of Magistrate Judge Donio's Order denying Plaintiff's Motion to Compel Defendants to supplement interrogatory responses (Doc. 49), and, finally, an appeal of Magistrate Judge Donio's Order granting Defendants leave to file a motion to dismiss Plaintiff's complaint for failure to participate in discovery (Doc. 51).[2]

Now again before this Court are eight pending motions filed by Plaintiff from March 10, 2015 to July 28, 2015. The Court considers herein only three of those motions, namely Plaintiff's motion for a temporary restraining order and permanent injunction (Doc. 65), motion

---

[1] Plaintiff submitted an omnibus motion, (Doc. No. 44), to the Court on October 23, 2014. On May 27, 2015, the Court relabeled several motions contained within Docket Number 44 as Docket Numbers 69-72.

[2] In this same order (Doc. No. 76), the Court also dismissed Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 42).

for this court's recusal and change of venue (Doc. No. 66), and, lastly, motion to enjoin retaliation by the Defendant's Associates (Doc. No. 86).

## II. DISCUSSION

### A. Motion for Temporary Restraining Order and Permanent Injunction

Plaintiff requests that this Court grant a temporary restraining order and permanent injunction against J. Hollingsworth ("Hollingsworth"), Plaintiff's Custodian and Warden of F.C.I. Fort Dix.  Plaintiff alleges that Hollingsworth kept him in isolation for ten days as retaliation for Plaintiff's complaints to the prison administration and the courts.  (Doc. No. 65 at 2.)  He also alleges that is being punished on account of his political opinions and has been denied paper supplies, commissary, grievance forms, and health care.  (Id. at 2–6.)  He asks this Court to enjoin Hollingsworth from keeping Plaintiff in isolation and retaliating against Plaintiff for exercising his constitutional rights.

To obtain a permanent injunction, a plaintiff must show actual success on the merits.  See Univ. of Texas v. Camenisch, 451 U.S. 390, 392 (1981).  Because this matter is still pending and Plaintiff therefore cannot show actual success on the merits, the Court construes Plaintiff's motion as one for a preliminary injunction or temporary restraining order.

In order to be granted the extraordinary relief of a preliminary injunction, a plaintiff has the burden of showing, at a minimum, a likelihood of success on the merits and that he will likely face irreparable harm without an injunction.  Ball v. Famiglio, 396 Fed. App'x 836, 837-38 (3d Cir. 2010).[3]  "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'"  Id. (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).  An order may bind only the parties, agents of

---

[3] The standard for determining whether to grant a temporary restraining order is essentially the same as the standard for a preliminary injunction.  See Ballas v. Tedesco, 41 F.Supp.2d 531, 537 (D.N.J. 1999).

the parties, or "other persons who are in active concert or participation" with the parties or its agents. Fed. R. Civ. P. 65(d)(2)(A)-(C).[4] A court "cannot lawfully enjoin the world at large, no matter how broadly it words its decree." Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 211 (3d Cir. 1990) (quoting Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 832 (2d Cir.1930)).

The Court finds that injunctive relief is not appropriate here. First, Plaintiff's Motion fails the party association requirement of Rule 65(d)(2)(A)-(C). Plaintiff files this Motion to enjoin a non-party, Hollingsworth, the Warden of the Ft. Dix, from keeping Plaintiff in isolation. Plaintiff has established no connection between Hollingsworth and any named parties, all of whom are associated with Burlington County Jail, an entirely separate correctional institution. Moreover, Plaintiff's motion is unrelated to the complaint because it presents a new conflict between Plaintiff and prison staff from a separate correctional institution. An injunction is an inappropriate remedy to a motion that "deals with a matter lying wholly outside the issues in the suit." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945); see also Famiglio, 396 Fed. App'x at 837 (denying an injunction relating to claims not pending in the complaint). Plaintiff's motion is therefore denied.

### B. Motion to Recuse this Court and For a Change of Venue

Plaintiff moves for recusal of this Court (Doc. No. 66). The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient

---

[4] When an order may be enforced against a non-party, the procedure for enforcing the order is the same as for a party. Fed. R. Civ. P. 71. Though seldom invoked, Rule 71 memorializes "the common sense rule that courts can enforce their orders against both parties and non-parties." Westlake N. Prop. Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990); see also Lasky v. Quinlan, 558 F.2d 1133, 1137 (2d Cir. 1977) ("It seems clear that Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action.") (citing 7 J. Moore, Federal Practice at 71.10 (1975)).

affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Cooney v. Booth, 262 F.Supp.2d 494, 501 (E.D.P.A. 2003) (quoting Berger v. United States, 255 U.S. 22, 33–34 (1921)). The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises. Id.

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." Alexander v. Primerica Holdings. Inc., 10 F.3d 155, 162 (3d Cir.1993) (quoting In re Sch. Asbestos Litig., 977 F.2d 764, 776 (3d Cir.1992)). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." In re Community Bank of No. Va., 418 F.3d 277, 320 (3d Cir.2005) (quoting United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir.1994)). In other words, the judge must recuse himself if a "reasonable man . . . would harbor doubts about the judge's impartiality." Cmty. Bank, 418 F.3d at 320 (citation omitted).

Plaintiff has provided no facts suggesting a bias or prejudice meriting recusal.[5] He bases his motion on his contention that this Court has taken too long in resolving his pending motions, of which there have been many. Dissatisfaction with the litigation process is not grounds for

---

[5] Although Plaintiff has filed no affidavit in support of his motion, the Court will treat the motion itself as an affidavit in support and will accept as true all facts alleged in the motion.

6

recusal.[6]  Because Plaintiff has demonstrated no circumstances demonstrating personal bias or those that would inspire a reasonable person to question the Court's impartiality, Plaintiff's motion for recusal is denied.

Plaintiff's motion for a change of venue is similarly denied.  Other than alleging that this Court does not "believe in the Constitution and [Plaintiff's] rights" thereunder, Plaintiff has provided no support for his motion.  He has offered no indication that either the convenience of the parties or the interests of justice require a change in venue.  See 28 U.S.C. § 1404 (providing circumstances in which it is appropriate for courts to transfer a civil action to another venue).

### C. Motion to Enjoin Defendants' Associates

Plaintiff requests that this Court enjoin the FBOP agents from retaliating and harassing the Defendant.[7]  (Doc. 86.)  Plaintiff alleges that he is being kept in solitary confinement for actions that he did not commit, that his mail is being tampered with, and that he is being punished for bringing various lawsuits (Id. 2–4.)

The Court reviews this Motion under the same standard outlined in Plaintiff's Motion for preliminary injunctive relief against Hollingsworth.[8]  Like that Motion, Plaintiff's claim here is unrelated to his pending claims of excessive force, denial of medical care, conspiracy, and retaliation at Burlington County Jail on or about September 20, 2011.  Plaintiff has also not demonstrated any connection between the FBOP officials named in his motion and the Defendants in the instant case other than naming the former as "associates" of the latter.

---

[6] Moreover, Plaintiff's factual allegations are incorrect as this Court resolved several of Plaintiff's motions just three months ago.  (Doc. No. 75–76.)
[7] Plaintiff's Motion is difficult to discern and therefore the parties he names are not immediately identifiable. However, it appears to the Court that Plaintiff has named FBOP agents "Reyes," "Dyron," and "Bitener." (Doc. No. 86 at 1–2.)
[8] See discussion supra Part II.a.

Plaintiff's Motion will therefore be denied. Should Plaintiff wish to raise unrelated claims against unrelated defendants, he must do so in a separate action.

### III. CONCLUSION

For the reasons states above, Plaintiff's Motions for a Temporary Restraining Order and Permanent Injunctive Relief, for Recusal of this Court and a Change of Venue, and to Enjoin the Retaliation of Defendants' associates will be **DENIED**. An appropriate Order shall accompany this Opinion.

Dated: 9/22/2015                                                                    s/Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge